## JACOB CARPENTER, APPELLANT, *v.* WILLIAM LE COUNT, RESPONDENT.

*Agreement—when it inures to the benefit of a stranger to it—what will authorize an auctioneer to charge commissions at more than the statutory rate—when he can recover for labor in cataloguing property not sold.*

The plaintiff, who had given to one Ackerman a chattel mortgage, as security for a promissory note, payable on demand, subsequently entered into a written agreement with him, by which it was provided that the note and mortgage should be deemed due, without any demand being made, and that the property should be placed in the hands of the defendant, an auctioneer, who should sell the same and pay from the proceeds thereof, after deducting the expenses incurred, and his commission at five per cent., the amount due to Ackerman, and turn over the balance to the plaintiff.

*Held,* that though the defendant was not a party to the contract, yet it furnished the authority under which he sold the property and gave him the right to retain commissions at the rate of five per cent., and relieved him from the penalty imposed upon auctioneers who charge commissions in excess of the statutory rate.

After enough of the property had been sold to pay the amount due to Ackerman and the expenses of the sale, the plaintiff directed the auctioneer to stop the sale, leaving unsold about $600 worth of property.

*Held,* that the defendant was entitled to a reasonable compensation for his labor in including this unsold property in the catalogue which he had made for the sale.

APPEAL from a judgment in favor of the defendant, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

*Mills & Wood,* for the appellant.

*Martin J. Keogh,* for the respondent.

DYKMAN, J.:

In April, 1876, the plaintiff executed to George B. Ackerman a chattel mortgage as security for a promissory note, payable on demand, and in the latter part of the same year they entered into a contract, in writing, by which they agreed that the note and chattel mortgage should both be deemed due without the formalities of demand and seizure, and that all the property be placed in the

hands of the defendant, who was an auctioneer, for sale, and he was thereby authorized to sell the same. He was also authorized to collect the money for which the property should sell, and out of the proceeds to pay his commissions of five per cent., the expenses of the sale, the amount due to Ackerman on the note and mortgage, and the balance to the plaintiff. The sale was made by the defendant, and the proceeds disposed of by him in pursuance of the written agreement under which he made the sale, and a balance was left in his hands for the plaintiff, of $149.04.

This action is now brought against the defendant for the recovery, not only of this $149.04, which the defendant has been at all times ready to pay, but also the excess of his commissions above the statutory rate of two and a half per cent., and a penalty of $250 for a violation of the statute in charging above that rate.

No recovery can be had for the last two items, for the reason that the written agreement under which he made the sale gave him the right to the five per cent. which he charged for his commissions. The same authority which empowered him to make the sale justifies and protects him in his charge for commissions. The argument of the appellant is, that the agreement was not with him, and does not, therefore, justify his charge above the statutory rate. But the same argument would make him a trespasser in taking and selling the goods. His sole and only authority and justification was the written agreement of the plaintiff and Ackerman, and that was ample. It matters not that the agreement was not signed by the defendants. The plaintiff signed it, and is bound by all its provisions, and its whole scope and object was to empower the defendant to make the sale in pursuance of its provisions.

There is another charge of $30 by the defendant, which involves a more serious question arising out of the following facts. After the defendant had sold sufficient property to pay his expenses and commissions and the chattel mortgage, the plaintiff directed him to stop the sale, and he did so when there remained about $600 in value of the mortgaged property unsold. Upon this the defendant has charged $30 as his compensation for the failure of the plaintiff to carry out the agreement to allow him to sell all the property. This charge is intended to cover the labor of the defendant in including

this unsold property in the catalogue which he made of the property. The trial judge directed the jury to allow him a reasonable compensation in that view, and the jury allowed the $30. This, certainly, was a just view, and the verdict accomplishes a just result.

There were several exceptions to the charge of the judge as made, and several requests to charge, which were refused, but the charge and refusal were harmonious with the views above expressed, and there was no error in either.

All of the numerous points made by the appellant have been fully considered, and we find nothing calling for our interference.

The judgment is affirmed, with costs to the defendant on this appeal.

BARNARD, P. J., concurred.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial affirmed, with costs.